```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>JPE CONSTRUCTION, INC.,<br><br>    Defendant. | 1:19-cv-18542-NLH-AMD<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES**:

NICOLE MARIE MARIMON
CHARLES R. VIRGINIA, III
VIRGINIA & AMBINDER LLP
40 BROAD STREET
7TH FLOOR
NEW YORK, NY 10004

 *On behalf of Plaintiffs*

**HILLMAN, District Judge**

 WHEREAS, pending before the Court is the motion of Plaintiffs, Trustees of the New Jersey B.A.C. Health Fund, et al., for default judgment against Defendant, JPE Construction, Inc., for contractual liquidated damages, statutory interest and attorneys' fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §§ 185(a) and 1132(g)(2); and

 WHEREAS, Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145, provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall

. . . make such contributions in accordance with . . . such agreement"; and

WHEREAS, Plaintiffs claim that from June 5, 2019 through August 2, 2019, employees of JPE performed Covered Work on a project in Montgomery, New Jersey ("Montgomery Project"), and in connection with Covered Work performed on the Montgomery Project, JPE failed to make payment of $5,573.12 in required contributions to the Funds and of $618.24 in required dues check-offs to the Union; and

WHEREAS, even though on October 11, 2019, after this action was commenced, JPE paid the contributions and dues check-offs due on the Montgomery Project in the amount of $6,191.36, JPE failed to do so before the relevant due dates, and JPE is therefore liable to the Plaintiffs under ERISA for interest, liquidated damages, and reasonable attorneys' fees and costs; and

WHEREAS, as provided by the Collection Policy, the Funds calculated interest at the prescribed rate of 10% compounded annually from the date following the date that each contribution was due to the Local Funds up to October 11, 2019, the date all contributions and dues check-offs were paid, which yielded the amount of $88.86.  Interest was calculated at the prescribed rate of 15% compounded annually from the date following the date that each contribution was due to the International Funds up to

2

October 11, 2019, the date all contributions and dues check-offs were paid which yielded the amount of $27.28.[1] Additionally, pursuant to the Collection Policy, JPE owes twenty percent of the principal amount that was due in liquidated damages.  The liquidated damages due are in the amount of $1,114.62.  JPE also owes $3,992.50 in attorneys' fees and costs; and

WHEREAS, Plaintiffs seek judgment against Defendant in the amount of $5,223.26; and

WHEREAS, Defendant was served with Plaintiffs' complaint on October 3, 2019; but

WHEREAS, Defendant failed to file an answer or otherwise appear, and on December 4, 2019, the Clerk granted Plaintiffs' request for the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a); and

WHEREAS, because Defendant still has not appeared in this action, Plaintiffs have filed the instant motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b);

---

[1] The collective bargaining agreement between JPE and the Union provides that JPE "agrees to be bound by all actions taken by the Trustees of these Funds pursuant to said Agreements and Declarations of Trust."  (Docket No. 10 at 7.)  Pursuant to the relevant trust agreements, the Trustees have promulgated a policy for collection of delinquent contributions (the "Collection Policy").  The Collection Policy sets forth a 10% interest rate for the local funds and a 15% interest rate for the international funds.  It also provides that employers shall also be liable for liquidated damages of twenty percent (20%) of the amount of delinquent Contributions owing and all attorneys' fees and costs.  (Id.)

and

WHEREAS, although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citation omitted); and

WHEREAS, the decision to enter a default judgment is left to the Court's discretion, but "'in exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct.'" International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc., 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)); and

WHEREAS, with regard to the second two factors, the Court finds that because Defendant was properly served but has failed to appear in this action, it is unknown whether Defendant has a meritorious defense to Plaintiffs' claims, and the inference is

4

that Defendant's default was the result of its own culpable misconduct; and

WHEREAS, with regard to the first factor, the Court finds that Plaintiffs will be prejudiced if default judgment is not entered against Defendant, because under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan, and "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions." Id. (citing 29 C.F.R. § 2530.200b-2) (other citation omitted); and

WHEREAS, if an employer fails to make the contributions as required by the collective bargaining agreement and § 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

    (A)   the unpaid contributions,

    (B)   interest on the unpaid contributions,

    (C)   an amount equal to the greater of:

        (i)   interest on the unpaid contributions; or

        (ii) liquidated damages provided for under the plan in

>       an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
>   (D) reasonable attorney's fees and costs of the action, to be paid by the Defendant, and
>
>   (E) such other legal or equitable relief as the court
>
>   deems appropriate; and

WHEREAS, the Court finds that Plaintiffs have provided competent documentation to support their demand under 29 U.S.C. §§ 185(a) and 1132(g)(2) for contractual liquidated damages ($1,114.62), statutory interest ($116.14), and attorneys' fees and costs ($3,992.50);

   THEREFORE,

   IT IS on this    13th    day of    August   , 2020

   ORDERED that Plaintiffs' Motion for Default Judgment [10] be, and the same hereby is, GRANTED.  An Order of Judgment will be entered separately.


                                          s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.